LOKIE v. FORESTER ET AL.

PRACTICE IN THE SUPREME COURT: EVIDENCE: ABSTRACT.

*Appeal from Howard Circuit Court.*

THURSDAY, SEPTEMBER 20.

PLAINTIFF seeks to recover damages of defendants for forcibly and maliciously breaking down plaintiff's fences and crossing over his land, thereby destroying his growing crops. The answer avers that Forester is road supervisor in the district in which plaintiff's land is situated, and that he, together with the other defendants, acting under his orders, opened certain highways in said district by removing obstructions placed thereon by plaintiff, using no unnecessary force and doing no unnecessary damage; but after giving plaintiff due notice to remove the same; and that these acts constitute the alleged trespass complained of by plaintiff. A jury trial was waived. There was a trial by the court and a judgment for defendants. Plaintiff appeals.

*H. C. McCartey*, for appellant.

*H. T. Reed* and *H. A. Goodrich*, for appellees.

ROTHROCK, J.—The only questions before the court, so far as we are able to determine from the evidence before us, were whether two certain alleged public roads had been obstructed by plaintiff fencing them up and whether said roads had ever been legally established. The defendants admitted that they did take down plaintiff's fences and travel over his land, but claim that these acts were done on the line of the highways which plaintiff had illegally obstructed with fences.

These being the questions, it will be seen that it is necessary we should have all the evidence upon the question as to the establishment of said roads,

and whether plaintiff obstructed them at the points where defendants opened the fences and traveled over the land.

The abstract does not purport to contain all the evidence. Indeed, it seems to be conceded that certain records offered in evidence as to the establishment of one of the roads are not contained in the abstract.

As the abstract is thus defective there is no question before us for determination. It is impossible for us to determine whether there was error in the rulings of the court below. What the omitted evidence may have shown as to the location of the roads, and as to whether defendants trespassed upon land outside of the lines of the roads, can only be ascertained by an examination of all the evidence introduced on the trial.

AFFIRMED.